UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MICHAEL T. WICKER, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | Case number 4:02cv1803 SNL |
|  | ) | TCM |
| VIRGIL LANSDOWN,[1] | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The 28 U.S.C. § 2254 petition of Michael Wicker ("Petitioner"), a Missouri prisoner, for federal habeas corpus relief is before the undersigned United States Magistrate Judge for a review and a recommended disposition. See 28 U.S.C. § 636(b).

## Background

Following his guilty plea to first degree assault, Petitioner was sentenced on December 11, 1992, to a fifteen-year term of imprisonment. (Pet. ¶¶ 2-5.) He did not appeal, or pursue any post-conviction relief until he petitioned the Missouri Court of Appeals for a writ of mandamus directing the Records Office of the Central Missouri Correctional Center to restore jail time credit taken without procedural due process. (Id. ¶¶ 9-11.) Following the denial of his petition, he filed the instant action challenging the removal of his jail time credit on four grounds. (Id. ¶ 12.) First, the removal violated his right to be free

---

[1]Virgil Lansdown is the Superintendent of the Ozark Correctional Center, where Petitioner is currently incarcerated. He is, therefore, substituted as the proper party respondent. See Rule 2(a), Rules Governing Section 2254 Cases.

of double jeopardy because the credit was part of the plea bargain and its removal means that he is now serving time he has already served. (Id. ¶ 12(a).) Second, the removal was a breach of contract, specifically his plea agreement. (Id. ¶ 12(B).) Third, the removal violated his rights to procedural due process because it was done without prior notice. (Id. ¶ 12(C).) And, fourth, the removal violated his rights to due process and equal protection for the reasons set forth in the first three grounds. (Id. ¶ 12(D).) Attached as an exhibit to his § 2254 petition is a copy of the docket sheet in his criminal case showing he was to be credited 580 days jail time against his sentence. (Pet. Ex. [1].) This sentence was to run concurrently with sentences imposed in another case. (Id.) Also attached is a copy of an order entered by the Missouri Court of Appeals on May 13, 2002, denying his petition for a writ of mandamus. (Pet. Ex. [2].)

Respondent argues that the § 2254 petition is untimely, noting that the only state court remedy sought after his conviction was his petition for a writ of mandamus. Alternatively, Respondent argues that the four grounds are without merit. Attached as an exhibit to Respondent's pleading is a copy of Petitioner's "face sheet" from the Department of Corrections ("DOC"). An entry dated February 4, 1999, "correct[s]" the jail time on his assault sentence. (Resp't Ex. A at [2].) A notation reads that the crime was committed in the county jail on June 24, 1992,[2] and he was to be given jail time after that date. (Id.) A

---

[2]This interpretation is consistent with Missouri law. Section 558.031.1 of the Missouri Revised Statutes authorizes a "credit toward the service of a sentence of imprisonment for all time in prison, jail or custody *after the offense occurred* . . ." (Alteration added.) (Emphasis added.) This section "contemplates an administrative and not a judicial determination of jail time to be credited, with no

mandatory release date of June 23, 2004 is listed, as is a time credit release date of March 23, 2003 – a difference of 458 days. (Id.) The "face sheet" also lists the four convictions for which Petitioner was serving time. (Id. at [3].) The jail time credit received for the three convictions not at issue was 595 days. (Id.) The jail time credit for the first degree assault conviction was 183 days, the number of days between the day of the assault, June 24, 1992, and the day Petitioner was received by DOC, December 24, 1992. (Id.) Also attached was a copy of a written inquiry by Petitioner about why the entire 595 days jail time credit was no longer listed on his assault conviction. (Resp't Ex. B.) This inquiry was received by corrections officers on June 25, 2001. (Id.) On May 23, 2002, Petitioner filed his petition for a writ of mandamus in the Missouri Court of Appeals; it was denied the same day. (Resp't Ex. C.)

## Discussion

Petitions for § 2254 relief filed after the effective date of The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") – April 24, 1996 – are governed by the Act. **Williams v. Taylor**, 529 U.S. 420, 429 (2000); **Owens v. Dormire**, 198 F.3d 679, 681 n.2 (8th Cir. 1999). Title 28 U.S.C. § 2244(d), as amended by the AEDPA, provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . .

---

sharing of jurisdiction between the two branches of government." **Murphy v. State**, 873 S.W.2d 231, 232 (Mo. 1994) (en banc).

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

. . .

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner was sentenced on December 11, 1992. His "face sheet" was amended in February 1999 to indicate the deletion of all but 183 days of jail time credit toward that sentence. At least by June 25, 2001, Petitioner knew of the change. He challenged that change in state courts on May 23, 2002. On July 31, 2002, he signed the pending petition.[3]

Because Petitioner was sentenced in December 1992, more than three years before the enactment of the AEDPA, he had a one year-grace period within which to challenge that sentence. See **Cross-Bey v. Gammon**, 322 F.3d 1012, 1014 (8th Cir. 2003); **Ford v. Bowersox**, 178 F.3d 522, 523 (8th Cir. 1999). He did not.

Assuming, without deciding, that the factual predicate for his pending four grounds was not available until the "face sheet" had been corrected, he had until February 4, 2000,

---

[3]"For purposes of § 2244(d)(1), a pro se prisoner's habeas petition 'is filed on the date it is delivered to prison authorities for mailing to the clerk of the court.'" **Ford v. Bowersox**, 178 F.3d 522, 523 (8th Cir. 1999) (quoting Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999) (en banc). There is no indication of when Petitioner delivered his petition to the prison authorities. His signature was notarized on July 31, 2002. It was received in the Western District of Missouri by October 11, 2002, the earliest date in the court file. The undersigned will give Petitioner the benefit of the doubt and will use July 31, 2002, as the filing date.

to file this action.  See **Griffini v. Mitchell**, 31 F.3d 690, 692 (8th Cir. 1994) (finding no cause for habeas petitioner's failure to discover factual predicate for claim; petitioner had access to "face sheet" and should therefore have known that attorney had misinformed him about the amount of time he would have to serve before being eligible for parole).  He did not.

Alternatively, assuming, without deciding, that Petitioner did not discover the factual predicate for his claims until June 25, 2001, his petition is nonetheless untimely.  He had one year from that date to file his petition, less the time during which his state petition for a writ of mandamus was pending.  That period was, however, only one day; there is no appeal from the denial of a petition for a writ of mandamus.  See **Carey v. Saffold**, 536 U.S. 214, 219-20 (2002) ("[A]n application is pending as long as the ordinary state collateral review process is 'in continuance' – i.e., until the completion of that process.  In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains "pending." (alteration added) (interim quotations omitted)); **Brown v. State**, 66 S.W.3d 721, 732 (Mo. 2002) (en banc) (holding that "denial of a petition for a writ of habeas corpus is not appealable).  Thus, his petition needed to be filed by June 26, 2002.  It was not.  See, e.g., **Daniels v. Uchtman**, 421 F.3d 490, 491 (7th Cir. 2005) (affirming dismissal of § 2254 petition as untimely; petition was filed 487 days after discovery of factual predicate for claim, e.g., an affidavit by eye witness recanting his damaging trial testimony); **Souter v. Jones**, 395 F.3d 577, 587 (6th Cir. 2005) (affirming dismissal of

§ 2254 petition as untimely; assuming one-year period began to run from date of affidavit cited as factual predicate, the petition was nonetheless untimely because it was filed 386 days after receipt of affidavit).

"Because § 2244(d)(1) is a statute of limitations and not a jurisdictional bar, it is subject to equitable tolling in appropriate circumstances." **Cross-Bey**, 322 F.3d at 1014-15. "[E]quitable tolling is proper when there exist extraordinary circumstances beyond a prisoner's control that made filing a timely petition impossible or when the respondent's conduct has lulled the petitioner into inaction." **Id.** at 1015 (alteration added). Petitioner has not alleged that any such circumstance or conduct exists. Indeed, he has not replied to Respondent's argument that his petition is untimely. And, his pro se status is not a qualifying circumstance. See **Id.**; **Baker v. Norris**, 321 F.3d 769, 771-72 (8th Cir. 2003).

## Conclusion

For the foregoing reasons, the instant petition is untimely.[4] Accordingly,

**IT IS HEREBY RECOMMENDED** that the 28 U.S.C. § 2254 petition of Michael T. Wicker be **DENIED** without an evidentiary hearing.

The parties are advised that they have eleven (11) days in which to file written objections to this Recommendation and the Memorandum incorporated herein pursuant to

---

[4]Respondent further contends that the four grounds are without merit. The interpretation of a state crediting statute is not cognizable in § 2254 petitions. See **Travis v. Lockhart**, 925 F.2d 1095, 1097 (8th Cir. 1991). Moreover, the record before the court is insufficient to determine whether the grounds were presented in his state petition or whether there is any merit to Petitioner's argument that the jail time credit was part of his plea agreement. For these reasons and because the petition is untimely, the undersigned declines to reach the merits of his grounds.

28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in waiver of the right to appeal questions of fact. See **Griffini v. Mitchell**, 31 F.3d 690, 692 (8th Cir. 1994).

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of October, 2005.